United States District Court
District of South Carolina

| | |
|---|---|
| Korei Jimmy Bull;                     ) | C/A 4:06-CV-0267-RBH-TER |
| )                                      | |
| Plaintiff;     ) | |
| )                                      | |
| vs.                                    ) | **Report and Recommendation** |
| )                                      | |
| Dean Foods; and Pet Dairy/Land-O-Sun Dairies;  ) | |
| )                                      | |
| Defendants.    ) | |
| )                                      | |

Pursuant to the provisions of Title 28 United States Code §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases filed under 42 U.S.C. §2000e, and submit findings and recommendations to the District Court.

## BACKGROUND

The Plaintiff, Korei Bull (hereafter, the "Plaintiff"), brings this action *pro se* against the Defendants alleging employment discrimination by reason of a disability. In his Complaint, Plaintiff stated that on November 18, 2005, he filed a charge of discrimination in the South Carolina State Human Affairs Commission (SCSHAC). The alleged discrimination occurred in August 2005. To that extent, it appears Plaintiff has complied with the requirements of 42 U.S.C. 2000e-5 timely to file a claim with the United States Equal Employment Opportunity Commission (EEOC) and/or a state agency. In an order filed on February 14, 2006, the undersigned directed Plaintiff to respond to Special Interrogatories concerning the status of his EEOC/SCSHAC claim. Plaintiff has now complied with this Order, timely filing his answers on March 24, 2006. Plaintiff states that he has not yet received a Notice of Suit Rights (Form

EEOC-161).

### *Pro Se* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### PLAINTIFF'S ACTION IS PREMATURE

Under 42 U.S.C. 2000e-5, it is necessary to first file a complaint with EEOC and receive Notice of Right To Sue prior to instituting a private cause of action. This statutory requirement serves the important objective of conciliation and persuasion as an enforcement device. In EEOC v. Henry Beck Company, 729 F2d 301, (4th Cir. 1984) the Fourth Circuit explained this core enterprise in terms that should be cited in full:

> Encouraging voluntary compliance with Title VII is among the Commission's most essential functions. See EEOC v. Raymond Metal Products Co., 530 F.2d 590, 596 (4th Cir.1976); Patterson v. American Tobacco Co., 535 F.2d 257, 272 (4th Cir.), cert. denied, 429 U.S. 920, 97 S.Ct. 314, 50 L.Ed.2d

2

286 (1976). Indeed, when the Commission was created in 1964, it had power only to investigate complaints and negotiate voluntary compliance. Not until Congress amended the Act in 1972 did it give the Commission authority to seek federal court enforcement of Title VII. See EEOC v. Cleveland Mills Co., 502 F.2d 153, 155 (4th Cir.1974), cert. denied, 420 U.S. 946, 95 S.Ct. 1328, 43 L.Ed.2d 425 (1975). In Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974), the Supreme Court stated that:
> Cooperation and voluntary compliance were selected as the preferred means for achieving this goal [of assuring equality of economic opportunity]. To this end, Congress created the Equal Employment Opportunity Commission and established a procedure whereby existing state and local equal employment opportunity agencies, as well as the Commission, would have an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit.

729 F. 2d at 303-304.

Plaintiff has commenced this action prior to completion of his EEOC/SCSHAC proceedings. Upon conclusion of the EEOC/SCSHAC processing, and depending upon the results thereof, Plaintiff may consider renewing his cause of action in this Court. No view concerning the merits of Plaintiff's claim is suggested by this dismissal. He should, however, be mindful of time limits which apply upon issuance of a Notice of Right to Sue by EEOC or SCSHAC.

## RECOMMENDATION

It is recommended that this action **be dismissed without prejudice** and without issuance and service of process. The Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

April 25, 2006
Florence, South Carolina

3

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2318**
**Florence, South Carolina 29503**